## Downey v. Indiana Union Traction Company.

[No. 21,906.   Filed May 16, 1912.]

1. Appeal.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—
   The improper exclusion of evidence is harmless where the wit-
   ness, in another part of his examination, is permitted to testify
   to substantially the same facts.   p. 588.

From Howard Circuit Court; *J. F. Elliott*, Judge.

Action by David E. Downey against the Indiana Union
Traction Company. From a judgment for defendant, the
plaintiff appeals. (Transferred from the Appellate Court
under §1405 Burns 1908, Acts 1901 p. 590.)   *Affirmed.*

*Harness, Moon & Voorhis*, for appellant.
*J. A. Van Osdol, Blacklidge, Wolf & Barnes*, for appellee.

Morris, C. J.—Appellant commenced this action against
appellee for damages, for the alleged negligent injury to per-
sonal property. There was a trial by jury, and verdict for
appellee. Appellant's motion for a new trial was overruled,
and on this action appellant bases his assignment of error.
The only alleged errors which are discussed, consist in the
action of the trial court in sustaining objections to two ques-
tions asked by appellant of a witness named Omer Downey.

It is stated in appellant's brief that the injury complained
of was to a team of horses, and a cab to which they were
hitched, while the horses were being driven by Omer Downey.

In one of the questions propounded the witness, he was
asked what, if any, obstruction there was in Union street to
prevent him from driving on the west side of that street.
The court sustained appellee's objection to the question,
whereupon appellant offered to prove by the witness that
there was a baggage truck standing on the west side of the
car in Union street.

The witness was also asked, concerning the space between

the west car on Union street and the west curb thereof, the following question: "2. Is it wide enough to drive a cab through there if there are no obstructions?"

The court sustained an objection to the question, and appellant offered to prove by the witness that the space was wide enough to drive through, if it were unobstructed.

Appellee contends that if it be conceded that the court erred in its action relative to the two questions, the error was harmless, because appellee, in another part of the examination of this witness, proved by him the same facts sought to be elicited by the above questions.

Appellee is correct in its contention. The witness testified that he started south on the west side of Union street, but saw that "the passage was stopped by a truck."

The witness also testified in regard to the distance between the west curb of Union street and the west car on the street, as shown by the following question and answer: "Do you know about the distance the tracks are which the west—the west track I mean on which the car was standing on Union street is from the west curb of Union street? A. I think it is about ten feet."

Inasmuch as the witness testified substantially to the same facts which appellant offered to prove in response to the questions to which the court sustained the objections, appellant was not harmed by the action of the court.

Judgment affirmed.

Note.—Reported in 98 N. E. 418. See, also, 38 Cyc. 1466.